IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAMELA SHARPE, INDIVIDUALLY and PAMELA SHARPE, DEPENDENT ADMINISTRATOR OF THE ESTATE OF MITCHELL DUDLEY, DECEASED,<br>　　*Plaintiff,*<br><br>vs.<br><br>LYFT, INC.<br>　　*Defendant.* | CASE NO. 4:22-CV-04336 |

## DEFENDANT LYFT, INC.'S RULE 12(B)(6) MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the local civil rules of this Court, Defendant Lyft, Inc. ("Lyft") respectively moves to dismiss all claims asserted by Plaintiff.

### SUMMARY AND GROUNDS

Plaintiff asserts only Texas Deceptive Trade Practices Act ("DTPA") claims against Lyft.[1] Plaintiff's claims fail because DTPA claims do not survive the death of the consumer, decedent Mitchell Dudley ("Decedent").[2] Therefore, the Court should dismiss Plaintiff's claims with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Pl. Orig. Pet. at ¶¶ 25-35.

[2] *See id.* at ¶ 26.

## PLAINTIFF'S ALLEGATIONS

This case arises from an automobile accident on November 18, 2020, in Harris County, Texas which led to the death of Decedent.[3] Plaintiff alleges that Lyft purchased Liberty Mutual auto insurance for the 2019 Hyundai Elantra Decedent was driving at the time of the accident and admits that Lyft rejected Uninsured/Underinsured Motorist Coverage (UM/UIM) in writing.[4] Plaintiff brings DTPA claims against Lyft alleging that that Lyft was required to disclose that it had rejected uninsured/underinsured motorist ("UM/UIM") coverage to Decedent but failed to do so and that Lyft did not secure a rejection of UM/UIM coverage from Decedent.[5] Plaintiff alleges that Decedent was the consumer under the DTPA.[6]

## ARGUMENTS AND AUTHORITIES

Plaintiff's DTPA claims are barred because they do not survive the death of the consumer, decedent Mitchell Dudley. Plaintiff bases her DTPA claims on the status of Decedent as a consumer with respect to Decedent's use of the Lyft platform, his rental of a 2019 Hyundai Elantra from Flexdrive, and automobile insurance purchased by Lyft to provide coverage for whenever Decedent was logged on to the Lyft Platform as a driver.[7]

---

[3] Pl. Orig. Pet. at ¶ 22.

[4] *Id.* at ¶¶ 11-13. UM/UIM coverage is not required under Section 1952.101 of the Texas Insurance Code if "any insured named in the insurance policy rejects the coverage in writing." TEX. INS. CODE § 1952(c).

[5] *Id.* at ¶ 14, 19, 30-31. Texas law does not require the rejecting named insured to notify every insured on the policy that it rejected UM/UIM coverage or require a rejecting named insured to secure a rejection from every named insured on the policy, much less unnamed insureds. *See* TEX. INS. CODE § 1952(c); *See generally Old Am. County Mut. Fire Ins. Co. v. Sanchez*, 149 S.W.3d 111 (Tex. 2004).

[6] *Id.* at ¶ 9-11, 15, 18-21, 23-24, 26.

[7] The Transportation Network Companies Act ("TNC Act") and the Texas Insurance Code require TNC drivers, or TNCs (like Lyft) on the driver's behalf, to maintain primary automobile insurance that provides specific coverage for when a TNC driver logged on to a TNC's digital network but not engaged in a prearranged ride and when the TNC driver is logged on to the TNC's digital network and

Plaintiff asserts the DTPA claims on behalf of Decedent's estate.[8] However, all DTPA claims extinguished upon Decedent's death, and Plaintiff lacks standing to assert DTPA claims.[9]

Recent intermediate decisions consistently hold that DTPA claims do not survive a consumer's death. *See Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394, 402 (Tex. App.—San Antonio 2000, no pet.); *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 609 (Tex. App.—San Antonio 1996, no writ); *First Nat'l Bank of Kerrville v. Hackworth*, 673 S.W.2d 218, 221 (Tex. App.—San Antonio 1984, no writ). The few cases reaching a contrary conclusion are older than 34 years, pre-date the significant revisions to the DTPA in 1995, and have not been followed by federal courts. *See Thomes v. Porter*, 761 S.W.2d 592, 595–96 (Tex. App.—Fort Worth 1988, no writ); *Mahan Volkswagen, Inc. v. Hall*, 648 S.W.2d 324, 332 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

The Southern District of Texas addressed this issue once in *Malvino v. Delluniversita,* No. 2:12-CV-401, 2015 U.S. Dist. LEXIS 65697 at *11-12 (S.D. Tex. May 20, 2015), *rev'd on other grounds*, 840 F.3d 223 (5th Cir. 2016). The *Malvino* court relied upon multiple decisions by courts in the Northern District of Texas, and a decision out of the Eastern District of Texas to hold that DTPA claims do not survive the death of the consumer. *Id.* at *12.

---

engaged in a prearranged ride.   *See* TEX. OCC. CODE § 2402.101 and TEX. INS. CODE §§ 1954.052-1954.053.

[8] Pl. Orig. Pet. at ¶ 3, 25-35.

[9] To the extent Plaintiff asserts any DTPA claims directly, the direct claims must be dismissed because Plaintiff does not have standing as a consumer to assert such claims because Plaintiff does not allege that she sought or acquired goods or services in connection with this case. *See* TEX. BUS. & COM. CODE § 17.45(4) (defining "consumer" as one who "seeks or acquires by purchase or lease, any goods or services").

At least five judges in the Northern District of Texas have determined that DTPA claims do not survive the death of the consumer. *See Smith v. Buffalo Wild Wings*, No. 3:20-CV-2875-D, 2021 U.S. Dist. LEXIS 178133 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.); *Elmazouni v. Mylan, Inc.*, 220 F. Supp. 3d 736, 745 (N.D. Tex. 2016) (Lynn, J.); *Boudreaux v. Corium Int'l, Inc.*, No. 3:12-cv-2644-M, 2013 U.S. Dist. LEXIS 65045 (N.D. Tex. May 7, 2013) (Lynn, J.); *Lofton v. McNeil Consumer & Specialty Pharmaceuticals*, 682 F.Supp.2d 662, 679-80 (N.D. Tex. 2010) (Lindsay, J.); *Launius v. Allstate Ins. Co.*, No. 3:06–CV–0579–B, 2007 U.S. Dist. LEXIS 28286, at *5–6 (N.D. Tex. Apr. 17, 2007) (Boyle, J.); *Kirby v. B.I., Inc.*, No. 4:98–CV–1136–Y, 2003 U.S. Dist. LEXIS 16964, at *22 (N.D. Tex. Sept. 26, 2003) (Means, J.). The Eastern District of Texas has reached the same conclusion at least twice. *See Smith v. Chrysler Grp., LLC*, 2016 U.S. Dist. LEXIS 184547 (E.D. Tex. Dec. 1, 2016), *rec. adopted*, 2017 U.S. Dist. LEXIS 27550, 2017 WL 813669 (E.D. Tex. Feb. 28, 2017); *McCoy v. Pfizer, Inc.*, No. 4:09-cv-49, 2010 U.S. Dist. LEXIS 87579 (E.D. Tex. Aug. 3, 2010), *report and recommendation adopted*, No. 4:09-cv-496, 2010 U.S. Dist. LEXIS 87577 (E.D. Tex. Aug. 25, 2010).

Most of the federal district courts in Texas considering this issue have relied upon or adopted the reasoning and conclusion of Judge Jane J. Boyle in *Launis*, as follows.[10]

---

[10] *Malvino,* 2015 U.S. Dist. LEXIS 65697 at *11-12 (S.D. Tex.) ("The *Launius* court, relying on the Texas Supreme Court's reasoning in *PPG Industries, Inc.* [rest of citation omitted], and on three San Antonio Court of Appeals decisions, made "an Erie guess" and held that '[i]f DTPA claims cannot be assigned because of their personal and punitive attributes [as established by PPG Industries], then this Court fails to see how such claims can survive the death of a consumer given the common law rule holding that actions to vindicate personal rights terminate with the death of the aggrieved party'"); *Buffalo Wild Wings*, 2021 U.S. Dist. LEXIS 178133 at *5 (N.D. Tex.); *Elmazouni*, 220 F. Supp. 3d at 745 (citing *Boudreaux, Lofton*, and *Launius*) (N.D. Tex.); *Boudreaux*, 2013 U.S. Dist. LEXIS 65045 at *6-*9 (N.D. Tex.); *Chrysler Grp., LLC*, 2016 U.S. Dist. LEXIS 184547 at *4-*5 (E.D. Tex.) ("The Court agrees with the analysis and conclusion of these cases, particularly *Launius*….); *McCoy*, 2010 U.S. Dist. LEXIS 87579 at *13-*14 (E.D. Tex.) ("The Court finds the reasoning of *Launius* is sound and adopts its conclusion and finds that the DTPA claim does not survive the death of the consumer"); *Lofton*, 682 F.Supp.2d 662, 679-80 (N.D. Tex.) ("This court finds that [the *Launius*] decision is well-reasoned and adopts its conclusion"); *See also*

*First,* where a statute fails to specify whether claims are survivable, the test "most commonly used to determine survivability [by Texas courts] is whether or not the cause of action may be assigned.'" *Launius,* 2007 U.S. Dist. LEXIS 28286 at *15 (citing *Lindsay ex rel. Lindsay v. S. San Antonio Indep. Sch. Dist.*, 983 S.W.2d 778, 779 (Tex. App.—San Antonio 1998, no pet.). *Second,* the Texas Supreme Court already determined that DTPA claims are not assignable in *PPG Indus. v. JMB/Houston Ctrs. Ltd. P'ship*, 146 S.W.3d 79, 91 (Tex. 2004). *See Launius,* 2007 U.S. Dist. LEXIS 28286 at *12-*16 (summarizing the reasoning of the Texas Supreme Court in *PPG Indus.*). *Third*, "[e]xtending the holding of *PPG Industries* to the survivor context is warranted by Texas law." *Launius,* 2007 U.S. Dist. LEXIS 28286 at *16. *Therefore,* based upon this extension and the decisions of San Antonio Court of Appeals, Judge Boyle believed "the Texas Supreme Court, if confronted the issues raised by this case, would find that a consumer's cause of action under the DTPA does not survive the death of the consumer and cannot be brought by a representative of the consumer's estate." *Id.* at *17.

All of Plaintiff's claims depend upon the survivability of Decedent's claims under the DTPA. Because Decedent's DTPA claims do not survive his death, Plaintiff cannot bring these claims as a representative of Decedent's estate, and they should be dismissed.

---

*TuYo Holdings, LLC v. Transamerica Life Ins. Co.*, No. SA-22-CV-00845-JKP, 2022 U.S. Dist. LEXIS 220258 at *5-*7 (W.D. Tex. Dec. 6, 2022) (using the same reasoning set out in *Launis* to determine that claims under chapter 541 of the Texas Insurance Code may not be assigned and that they are personal and punitive in nature, and dismissing the cause of action for failure to state a claim); *Austin v. State Farm Lloyds*, No. 1:16-CV-447-DAE, 2018 U.S. Dist. LEXIS 221171 at *3-*8 (W.D. Tex. Nov. 9, 2018) ("it is uncontroverted that the Estate does not have standing to assert extracontractual claims against State Farm under chapter 541 of the Texas Insurance Code because such claims do not survive an insured's death" and also granting summary judgment as to claims asserted under chapter 542 of the Texas Insurance Code using the same reasoning).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Lyft, Inc. respectfully requests that all of Plaintiff's claims against Lyft, Inc. be dismissed with prejudice due to Plaintiff's failure to state a claim upon which relief can be granted.

Respectfully submitted,

Bryan D. Pollard
State Bar No. 00795592
*Attorney In Charge*
FISHERBROYLES, LLP
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
bryan.pollard@fisherbroyles.com
Telephone: (214) 984-7153
Facsimile: (214) 279-7192

William J. Akins
State Bar No. 24011972
william.akins@fisherbroyles.com
Telephone: (214) 924-9504
Facsimile: (214) 481-3768
FISHERBROYLES, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701

ATTORNEYS FOR DEFENDANT LYFT, INC.