Case 4:22-cv-04336 Document 17 Filed on 05/01/23 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
May 01, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA SHARPE, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF MITCHELL DUDLEY, DECEASED, *Plaintiff*, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-4336 |
| LYFT, INC. AND FLEXDRIVE SERVICES, LLC, *Defendants*. | § § § § | |

# **MEMORANDUM AND RECOMMENDATION**

This Deceptive Trade Practices Act and fraud case was brought by Plaintiff Pamela Sharpe individually and as the administrator of the estate of decedent Mitchell Dudley. Currently before the Court are partial Motions to Dismiss by Defendants Lyft, Inc. (Lyft) (ECF 10) and Flexdrive Services, LLC (Flexdrive) (ECF 16).[1] Plaintiff failed to file a timely response to either motion in accordance with Local Rules of the Southern District of Texas 7.3 and 7.4.

Having reviewed the pleadings, Defendants' Motions, and the law, the Court RECOMMENDS that Defendants' Motions be GRANTED.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 15.

I.      **Background**

Mitchell Dudley was killed on November 18, 2020 in a car accident with an uninsured or underinsured motorist while operating the Lyft Rideshare Application. ECF 7, ¶¶ 20-21. At the time of the accident, Dudley was driving a 2019 Hyundai Elantra that Plaintiff alleges was owned by Lyft and rented to Dudley by Flexdrive, a subsidiary of Lyft. *Id.*, ¶¶ 9, 14. According to Plaintiff, Lyft purchased insurance for the vehicle, effective October 1, 2020, thru October 1, 2021, but rejected the Uninsured/Underinsured Motorist ("UM/UIM") Coverage. *Id.*, ¶¶ 10-12. Neither Lyft nor Flexdrive disclosed the rejection of UM/UIM coverage to Dudley. *Id.*, ¶¶ 13, 17-19.

Plaintiff filed an Original Petition in state court asserting a claim against Defendants for violation of the Texas Deceptive Trade Practice Act (DTPA). ECF 1-1. Defendants removed the case to this federal court on the basis of diversity jurisdiction. ECF 1. On January 3, 2023, Plaintiff filed a First Amended Complaint asserting claims against Defendants for fraud by nondisclosure and violation of the DTPA. ECF 7. Defendants now move to dismiss Plaintiff's DTPA claim as well as all claims asserted in her individual capacity. ECF 10, 16. Defendants do not move for dismissal of Plaintiff's fraud claim asserted in her capacity as administrator of Dudley's estate. *See id.*

## II.     Motion to Dismiss Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

The Court will not grant a motion to dismiss with prejudice based solely on the lack of response. *Garza v. Formosa Plastics Corp.*, No. CIV.A. V-10-54, 2011 WL 121562, at *2 (S.D. Tex. Jan. 11, 2011) (noting that "unopposed motions to dismiss that dispose of litigation may not be automatically granted."); *Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (stating that the Fifth Circuit views "with considerable aversion" the automatic grant of a motion to dismiss with prejudice based solely on a litigant's failure respond in accordance with a local rule).

However, "when a plaintiff does not file a response to a Rule 12(b)(6) motion or request leave to amend, the court may deny the plaintiff leave to amend because the plaintiff has already pleaded his or her best case." *Lyons v. Starbucks Coffee Co.*, No. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *4 (N.D. Tex. Aug. 24, 2020), report and recommendation adopted, No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020).

### III. Analysis

#### A. Plaintiff's DTPA claims should be dismissed.

Defendants move for dismissal of Plaintiffs' DTPA claims arguing that all DPTA claims were extinguished upon Mitchell Dudley's death. ECF 10 at 3; ECF 16 at 3. In a case such as this in which federal jurisdiction over state law claims is based on diversity, the Court applies state substantive law. *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003). To do so, the Court looks to authority from the state's highest court. *Id.* Without clear guidance from the state courts, a federal court faced with a question of state law must make an "Erie[2] guess" as to how the Texas Supreme Court would decide the issue. *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003).

In 1984, the Texas Supreme Court expressly "reserve[d] to another day" the question of whether a DTPA cause of action survives the death of the consumer.

---

[2] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

4

*Shell Oil Co. v. Chapman,* 682 S.W.2d 257, 259 (Tex.1984). Somewhat surprisingly, it appears the Texas Supreme Court has not yet decided the question.[3] Texas intermediate appellate courts have issued differing rulings on the question. *See Plumley v. Landmark Chevrolet, Inc.,* 122 F.3d 308, 311 (5th Cir.1997) (recognizing the split in Texas appellate courts and declining to reach the issue).

In 1984, the same year the Texas Supreme Court's *Shell Oil* decision, the San Antonio Court of Appeals decided in *First Nat'l. Bank of Kerrville v. Hackworth,* 673 S.W.2d 218, 221 (Tex. App.—San Antonio 1984, no writ) that an action under the DTPA involves personal rights that do not survive the death of the consumer. *See also Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394, 401 (Tex. App.—San Antonio 2000, no pet.) (holding that "[a] representative of an estate is not a 'consumer' under the DTPA because a DTPA cause of action does not survive the death of the consumer."). In contrast, the Fort Worth Court of Appeals ruled in *Thomes v. Porter,* 761 S.W.2d 592, 594 (Tex. App.—Ft. Worth 1988, no writ) that the DTPA represents "an amalgam of common law fraud, contracts, and tort considerations," and therefore a DTPA survives the death of the consumer.

---

[3] The Fifth Circuit certified the question to the Texas Supreme Court in 1992 in *Wellborn v. Sears, Roebuck & Co.*, 970 F.2d 1420, 1427 (5th Cir. 1992), but the parties settled before the Court ruled. *See Boudreaux v. Corium Int'l, Inc.*, No. 3:12-CV-2644-M, 2013 WL 1890269, at *2 n.1 (N.D. Tex. May 7, 2013) (noting that settlement precluded answer to certified question).

Significantly, the above decisions issued before the Texas Supreme Court decided *PPG Indus., Inc. v. JMB/Houston Centers Partners Limited Partnership,* 146 S.W.3d 79 (2004). In *PPG*, the Texas Supreme Court held that DTPA claims could not be assigned from the consumer to another person. *Id.* at 92. The Court again reserved for another day the "related but sometimes distinct inquiry" of whether DTPA claims survive the death of the consumer. *Id.* at 91. This Court has found, and the parties have cited, no Texas decision issued since *PPG* holding that a DTPA claim survives the consumer's death. The San Antonio Court of Appeals has steadfastly followed its holding in *Hackworth*. *See Texas Farm Bureau Mut. Ins. Co. v. Rogers*, 351 S.W.3d 103, 107 (Tex. App.—San Antonio 2011, pet. denied) (holding that heirs did not have standing to pursue deceased's DTPA claim); *Bus. Staffing, Inc. v. Viesca*, 394 S.W.3d 733, 743 (Tex. App.—San Antonio 2012, no pet.) (holding that DTPA claim does not survive death of consumer).

Federal district courts in the Fifth Circuit have interpreted the Texas Supreme Court's decision in *PPG* as a clear indication that, if faced with the survivability question, the Texas Supreme Court would hold that DTPA claims are extinguished on the death of the consumer. *See Launius v. Allstate Ins. Co.*, No. CIV.A.3:06-CV-0579-B, 2007 WL 1135347, at *3 (N.D. Tex. Apr. 17, 2007) (making a *Erie* guess on the question of survivability of DTPA claims); *Boudreaux v. Corium Int'l, Inc.*, No. 3:12-CV-2644-M, 2013 WL 1890269, at *2 (N.D. Tex. May 7, 2013) (holding

that "the Texas Supreme Court, if faced with this issue, would find that a consumer's cause of action under the DTPA does not survive the death of the consumer and cannot be brought by a representative of the consumer's estate, in a representative capacity or in an individual capacity, based on the consumer status of the decedent."); *Malvino v. Delluniversita*, No. 2:12-CV-401, 2015 WL 2401507 (S.D. Tex. May 20, 2015) (joining *Launius* and other cases "in holding that Texas DTPA claims do not survive the death of the consumer"), *rev'd and remanded on other grounds*, 840 F.3d 223 (5th Cir. 2016). More recently, the district court in *Smith v. Buffalo Wild Wings,* No. 3:20-CV-2875-D, 2021 WL 4265849 (N.D. Tex. Sept. 20, 2021), noted that there is "a growing consensus" in the lower federal courts "that a DTPA claim does not survive the wronged consumer's death."

This Court finds the reasoning in the above cited cases persuasive and joins them in concluding that DTPA claims do not survive the death of the consumer. Therefore, Defendants' Motions to Dismiss Plaintiffs' DTPA claims should be granted.

### B. Plaintiff Pamela Sharpe has no standing to bring claims in her individual capacity.

Plaintiff brings a claim for fraud against both Defendants. ECF 7, ¶¶ 24-37. Under Texas law, the fraud claims survive Dudley's death and can be pursued by his survivors or estate. *Vial v. Gas Sols., Ltd.*, 187 S.W.3d 220, 225 (Tex. App. 2006). Thus, as executor of Dudley's estate, Plaintiff may pursue a fraud claim against

7

Defendants. However, only Dudley's estate or survivors may pursue the fraud claim. *Id.* To the extent Plaintiff attempts to assert any claims in her individual capacity, she lacks standing to do so, and any claims in her individual capacity must be dismissed.

## IV. Conclusion and Recommendation

For the reasons stated above, Defendants' Motions to Dismiss should be GRANTED and Plaintiff's DTPA claim brought in any capacity and her fraud claim brought in her individual capacity should be DISMISSED WITH PREJUDICE. The fraud claim brought by Plaintiff in her capacity as administrator of Dudley's estate remains pending.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 01, 2023, at Houston, Texas.

                                                Christina A. Bryan
                                            United States Magistrate Judge